The People of Puerto Rico, Plaintiff and Appellee, *v.* Delfín Rodríguez, Defendant and Appellant.

No. 10056. Argued June 21, 1943.—Decided July 7, 1943.

*Agustín E. Font* and *William Morales* for appellant. *R. A. Gómez,*
*Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, As-*
*sistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Delfín Rodríguez was charged with violation of §371 of
the Penal Code[1] in that he entered the domicile of Juan
Nazario and Eloína Vélez against their express will and with-
out their consent, intervening with such domicile, altering it,
closing the doors and windows of said domicile, performing
acts of ownership, and not allowing the tenants to enter said
domicile to pass the night therein, alleging that he was the
owner of the house.

---

[1] "Section 371. Every person using, or procuring, encouraging or assist-
ing another to use, any force or violence in entering upon or detaining any
lands, or other property, public or private, except in the cases and in the manner
provided by law, shall be punishable by imprisonment for not more than two
years nor less than six months, or by a fine of not more than one thousand
dollars nor less than five hundred dollars. Every person entering another person's
domicile against the express will of the tenant, or who in any manner inter-
venes in such domicile, altering it, performing acts of ownership, or modifying
it or attempting to make thereto any repairs whatsoever, except also in the
cases and in the manner provided by law, shall be punishable by imprisonment
for not less than three months nor more than six months, or by a fine of from
two hundred to five hundred dollars."

308

██ The defendant was convicted and sentenced to pay a fine of $200, or to be imprisoned for a term of one day for each dollar remaining unpaid, not exceeding a term of 90 days. On appeal, the defendant contends that the lower court erred in overruling a motion to strike and a demurrer to the complaint. The defendant's motion to strike was directed to the elimination of that portion of the complaint which charged that he "did not allow the tenants to enter their domicile to pass the night therein, alleging that he was the owner of said house". There was no error in the refusal to strike this allegation, as it set up acts which the statute specifically prohibits. The district court likewise correctly overruled the demurrer. The defendant contends that the complaint does not allege that he entered another person's domicile against the latter's will, and that the charge is only that he prevented the tenants from passing the night therein. But the complaint specifically alleges that Rodríguez "entered the domicile of Juan Nazario and Eloína Vélez against their express will". This is sufficient to bring the case within the terms of the statute.

██ The defendant next contends that his motion for nonsuit at the close of the case for the People should have been granted. He relies in that connection on the fact that the evidence failed to show that the tenants were in the house when the defendant entered their domicile.

A violation of §371 of the Penal Code can be committed as follows:

(1) by using force or violence in entering upon or detaining any lands, or other property, public or private, except in the cases and in the manner provided by law;

(2) by entering another person's domicile against the express will of the tenant, or by intervening with such domicile, altering it, performing acts of ownership, or modifying it, etc.

The fact that there are two ways of committing the offense in question is evident from the provision of the aforesaid Sec-

tion for different penalties for the two different ways of committing the offense. As a matter of fact, the corresponding Section of the California statute provides only for the first method of committing the offense (§418, Deering's Penal Code of California, p. 156).[2]

*People* v. *Díaz*, 56 P.R.R. 96, and *People* v. *Medina*, 58 P.R.R. 924, arose under the first provision of §371. We held in those cases, in view of the requirement of force or violence in the said first provision, that the offense is not committed if the acts in question took place in the absence of the occupant or somebody representing him. But the situation is different herein, as the facts spell out a violation of the second provision of §371; namely, that the defendant had entered another's domicile against his express will. Once it is clear that the act is done against the express will of the occupant, there need be no showing, as in the first provision, that force or violence was used, and consequently the absence of the occupant at the moment of entry is not fatal.

 Juan Nazario, the tenant of the house, testified that while he was working on a farm owned by the defendant's father, the defendant told him that "I had to leave the place around seven (referring to the house in which he was living) or before seven in the afternoon, because otherwise. . .". Eloína Vélez, Nazario's wife, testified that on the same day the defendant had told her that she and her husband must leave their dwelling, because otherwise he would set the house on fire or would shoot them, and that she had replied "God forbid him in daring to force his way into my house. I told him that he could not do that, intervening or forcing it; that he should not force his way into that house, because that was my home and I was the owner while I lived there, and he said that it did not matter, that we had to leave the place

---

[2] "Section 418. *Forcible entry and detainer.* Every person using or procuring, encouraging or assisting another to use, any force or violence in entering upon or detaining any lands or other possessions of another, except in the cases and in the manner allowed by law, is guilty of a misdemeanor."

before seven or else he would set the house on fire, or that he would put us out in the street''; that she went to help her husband, while the latter went to see the defendant's father; that when she returned at six p.m., she found that the house was locked; that the defendant told her that he would not open it, even if she got an order from the district court or the district attorney; that at last she was able to enter the house at two a.m. upon presenting an order from the municipal judge.

The testimony in this case was sufficient to show that the defendant, against the express will of the tenants, entered their domicile and exercised acts of ownership therein, thereby disturbing the peace in the manner the second provision §371 was designed to prevent.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.